2023 IL App (1st) 200253-U

No. 1-20-0253

Order filed March 9, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 DV 40828 |
| | ) | |
| ALBERT SANDOVAL, | ) | Honorable Paula |
| | ) | M. Daleo, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court. Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1 *Held*: We affirm defendant's conviction for obstructing a peace officer over his contention that the State failed to prove him guilty beyond a reasonable doubt.

¶ 2 Following a bench trial, defendant Albert Sandoval was found guilty of obstructing a peace officer (720 ILCS 5/31-1(a)(2) (West 2018)) and sentenced to a jail term of two days considered served. On appeal, defendant contends he was not proven guilty beyond a reasonable doubt because

the State did not establish that his noncompliance with the police officer materially obstructed or impeded the officer's duties. We affirm.

¶ 3 Defendant was charged by complaint with one count of domestic battery and one count of obstructing a peace officer. The State nol-prossed the domestic battery count and proceeded solely on the count for obstructing a peace officer.

¶ 4 At trial, Brookfield police officer Burrell testified that at approximately 10 a.m. on July 10, 2018, he, Officer Harrison, and Sergeant Nicholas Hahn responded to a domestic disturbance call on Blanchan Avenue in Brookfield.[1] Through open windows in the front of the residence, Burrell heard a man and woman arguing. Burrell knocked on the front and rear doors multiple times.

¶ 5 Eventually, defendant answered the door and officers informed him that they were investigating a domestic disturbance. Defendant stated that "he didn't know who would have made the call because he was the only person at the residence at that time." Burrell asked multiple times whether someone else was in the residence, which defendant repeatedly denied. Burrell instructed defendant that he could face charges if he were lying, and detained defendant on the porch so that he would not leave the scene. Harrison and Hahn entered the residence to determine whether anyone inside needed medical aid. Burrell agreed that the standard practice for police responding to a domestic dispute is to confirm that nobody is injured inside the location.

¶ 6 On cross-examination, Burrell stated that he did not believe defendant's assertion that he was alone in the house. That statement affected the investigation because the officers then had to listen to a recording of the 911 call in order to verify that multiple people were heard at the residence. Burrell and the other officers then removed defendant from the doorway, placed him on

---

[1] Officer Burrell's and Officer Harrison's first names do not appear in the record on appeal.

the porch, handcuffed him, and entered the house to search for other inhabitants. Defendant did not "pull away" when they handcuffed him and sat when instructed.

¶ 7 On redirect examination, Burrell testified that he asked defendant to move from the doorway, but he did not comply.

¶ 8 Hahn testified that he arrived at the scene of the domestic dispute while two officers were on the front porch "attempting to make contact with" the inhabitants. Defendant answered the door less than two minutes after Hahn arrived, and stated that he was the only person inside the residence and was unsure why the police were there. The officers advised defendant that they needed to check on everyone inside the residence as standard procedure. Hahn then entered the house without a warrant to check whether anyone had been a victim or a witness of a crime. Hahn found two young men in a basement bedroom and a woman in an upstairs bedroom underneath a blanket on the bed.

¶ 9 In closing, defense counsel argued that the evidence did not establish that defendant obstructed the officers, who would have searched the house for potential victims regardless of what defendant said. Defense counsel argued that defendant did not impede the investigation, but passively resisted by standing in his own doorway without preventing the officers from entering the house.

¶ 10 The court found defendant guilty of obstructing a peace officer. In ruling, the court commented that the officers responded to a domestic disturbance call, and thus had a duty to investigate. According to the court, defendant lied to the officers and then refused to move from the doorway so the officers could search the house, an action defendant was "not entitled" to take. The court did not believe the circumstances allowed defendant to deny the officers entry to his house.

¶ 11 Defense counsel filed a "Motion to Reconsider Finding of Guilty," arguing, *inter alia*, that no evidence showed defendant knowingly lied to the officers regarding whether he knew other people were in the house where the State failed to establish that the officers heard defendant's voice upon approaching the house. Defense counsel additionally argued that defendant had a constitutional right to refuse to consent to the officers' entry and search of his home.

¶ 12 The court denied defendant's motion after a hearing wherein both parties argued extensively and the court questioned defense counsel at length about his arguments. In ruling, the court commented that the police needed to enter the house, defendant impeded their investigation, and therefore defendant obstructed the performance of their duties.

¶ 13 After a hearing, the court sentenced defendant to a jail term of two days considered served. The court denied defendant's motion to reconsider sentence.

¶ 14 On appeal, defendant argues that the State failed to establish that his noncompliance with Burrell materially obstructed or impeded Burrell's duties.

¶ 15 The standard of review for a challenge to the sufficiency of the evidence is "whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Internal quotation marks omitted.) *People v. Belknap*, 2014 IL 117094, ¶ 67. The trier of fact resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. *People v. Brown*, 2013 IL 114196, ¶ 48. Accordingly, this court will not substitute its judgment for that of the trier of fact on the weight of the evidence or credibility of witnesses. *Id*. A reviewing court must allow all reasonable inferences from the record in favor of the prosecution (*People v. Cunningham*, 212 Ill. 2d 274, 280 (2004)) and will not reverse a conviction unless the evidence is

"unreasonable, improbable, or so unsatisfactory as to justify a reasonable doubt of the defendant's guilt." (Internal quotation marks omitted.) *People v. Jackson*, 232 Ill. 2d 246, 281 (2009).

¶ 16 To sustain defendant's conviction for obstructing a peace officer, the State had to prove beyond a reasonable doubt that he knowingly obstructed the performance of "one known to [defendant] to be a peace officer *** within his or her official capacity." 720 ILCS 5/31-1(a)(2) (West 2018). Providing false information to a police officer may constitute obstruction where the false information is "made in relation to an authorized act within the officer's official capacity and if the false information actually impeded an act the officer was authorized to perform." *People v. Baskerville*, 2012 IL 111056, ¶ 35. Defendant only challenges the State's evidence that he obstructed Officer Burrell's performance.

¶ 17 Viewing the evidence in the light most favorable to the State, and allowing all reasonable inferences in favor of the State, a rational trier of fact could find beyond a reasonable doubt that defendant obstructed Burrell's wellness check of defendant's home. The evidence showed that defendant repeatedly lied to Burrell about whether anyone else was at home, which caused the officers to review the 911 recording to verify that they could hear multiple individuals on the phone call. Then, Burrell asked defendant to move from the doorway so that they could enter the house, but defendant did not comply. The officers had to detain him in order to perform the wellness check of the inhabitants of the house. This evidence, taken together, was sufficient to prove defendant guilty of obstructing a peace officer.

¶ 18 Defendant nevertheless argues that the State did not present sufficient evidence that his initial refusal to move from the doorway hindered Burrell's investigation; rather, according to defendant, Burrell and the other officers performed their duties after detaining defendant and their safety was

never at issue. Defendant argues that the delay was "extraordinarily brief," and insufficient to justify his conviction for obstructing a peace officer.

¶ 19 We disagree. Defendant refused to leave the doorway, even after the police officers informed him of their reasons for being at his house, namely, to ensure that nobody in the house was injured. Officers had to remove defendant from the doorway and detain him in order to perform their duties. The officers had to perform those additional acts before they could enter the house in order to ensure that nobody inside was injured.

¶ 20 Defendant contends that the officers were never in danger, but that fact was unknown to the officers when they spoke to defendant at the door. See *People v. Shenault*, 2014 IL App (2d) 130211, ¶ 22 (conduct which places an officer's safety at risk can qualify as obstruction). "[T]he trier of fact is not required to accept any possible explanation compatible with the defendant's innocence and elevate it to the status of reasonable doubt." *People v. Siguenza-Brito*, 235 Ill. 2d 213, 229 (2009). It is a reasonable inference that if the officers were investigating a domestic disturbance in the house, a person inside could have been seriously injured or become violent toward the officers. See *Cunningham*, 212 Ill. 2d at 280. The trial court, thus, could reasonably find that defendant lying to the officers, compounded with his failure to leave the doorway, impeded the officers in performing their duties. The evidence was not "unreasonable, improbable, or so unsatisfactory as to justify a reasonable doubt of the defendant's guilt." (Internal quotation marks omitted.) *Jackson*, 232 Ill. 2d at 281.

¶ 21     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 22     Affirmed.